**Silvane and Prek NILAJ, Petitioners,**

**v.**

**Alberto R. GONZALES, Respondent.**

**Nos. 04–1876–ag (L); 04–1877–ag (Con).**

United States Court of Appeals,
Second Circuit.

Nov. 15, 2006.

Vlad Kuzmin, New York, NY, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michi-

gan, Daniel Y. Mekaru, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Silvane Nilaj, a native and citizen of Albania, seeks review of a March 18, 2004 order of the BIA affirming and adopting the January 10, 2003 decision of Immigration Judge ("IJ") Alan Page denying the applications of her father, Prek Nilaj, for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and her derivative claims. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This court reviews the agency's factual findings, including the adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS.,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of

deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Substantial evidence in the form of major inconsistencies going to the heart of Prek Nilaj's claim for asylum and withholding of removal suffices to support the agency's denial of asylum and withholding of removal to Silvane Nilaj insofar as that claim is derivative of her father's claim that he would be persecuted based on his membership in the Democratic party. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005). Despite minor errors in other aspects of the IJ's credibility finding, given the serious inconsistencies, we are confident that the IJ would reach the same result on remand and thus deny review of this aspect of Silvane Nilaj's claim. *See Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). Additionally, Silvane Nilaj has not presented any credible evidence that, as a result of Prek's political opinion or membership in the Democratic Party, she would be tortured if returned to Albania. Thus, CAT relief is not warranted with respect to those claims.

■ However, the IJ and BIA failed to sufficiently address Prek's claim that Silvane had a well-founded fear of persecution or torture if returned to Albania because of the likelihood that she would be kidnaped by groups that engage in illicit trafficking of women. The Country Profile for Albania from 2001, which was submitted to the IJ, explains that human trafficking in Albania is prevalent, especially for girls between fourteen and seventeen, and that these girls are commonly taken to Italy, or other countries, and sold into prostitution. According to the Profile, "Albanian ... women trafficked by Albanian organized crime networks are abused, tortured, and raped. Traffickers also may

threaten their family members." Additionally, the Profile noted that traffickers often operate with the assistance of local police.

Here, despite Prek's testimony and the Country Profile attesting to the abduction of young women in Albania and the IJ's own finding that there was "ample evidence in the record to indicate that [kidnapping and trafficking of young girls] occur[red] because of the criminal element that is operating in Albania," the IJ did not analyze, to any extent, Silvane's likelihood of persecution or torture upon return with respect to this claim. Specifically, the IJ did not make any findings with respect to: (1) whether abduction and forcing a girl into a trafficking ring may constitute persecution or torture; and (2) whether it is more likely than not that Silvane would be subject to this harm. The IJ merely concluded that Prek had not established that, *based on Prek's political opinion and membership in the Democratic Party,* Silvane was more likely than others to be subject to this harm. Moreover, it is unclear whether the BIA, in adopting, affirming, and supplementing the IJ's decision, addressed whether Silvane's asserted social group constitutes a particular social group under the INA.

It is possible that Silvane has asserted a cognizable social group claim. *See, e.g., Hong Ying Gao v. Gonzales,* 440 F.3d 62, 70 (2d Cir.2006) (finding that women who had been sold into marriage, whether or not that marriage has yet taken place, and who live in a part of China where forced marriages are considered valid and enforceable, qualified as a particular social group). However, we may not decide the issue in the first instance. In *Gonzales v. Thomas,* 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam), the Supreme Court vacated the Ninth Circuit's determination that a family of white South

Africans with ties to an overt racist constituted a particular social group, holding that it was for the administrative agency to make this determination in the first instance. 126 S.Ct. at 1615; *see also Ucelo–Gomez v. Gonzales,* 464 F.3d 163, 168–69 (2d Cir.2006) (remanding to the BIA to determine whether affluent Guatemalans constituted a particular social group within the meaning of the INA). We therefore remand this issue to the BIA for further proceedings.

For the foregoing reasons, the petition for review is GRANTED IN PART and DENIED IN PART and the case is REMANDED to the BIA for further proceedings consistent with this order. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).